**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ORLINGTON BODDEN ROSE,

     Petitioner,

v.

                                            Case No. 2:26-cv-01566-MIS-JFR

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, in her official
capacity as El Paso Field Office Director of
the Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as
Acting Director of the Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, in his official capacity as
Secretary of the U.S. Department of
Homeland Security; and TODD BLANCHE,
in his official capacity as Acting Attorney
General of the United States,

     Respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Orlington Bodden Rose's Petition for

Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 15, 2026. Respondents Mary De Anda-

Ybarra, Todd M. Lyons, Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a

Response on May 29, 2026, ECF No. 5.

Petitioner is a citizen of Nicaragua who is challenging his custody on constitutional due

process grounds. See Pet. at 6, ECF No. 1. Petitioner was released on bond on or around April 23,

---

[1]    Respondent Warden, Otero County Processing Center did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

2025, during removal proceedings. Resp. at 1, ECF No. 5. "On or about March 16, 2026, the Petitioner was arrested for grand theft, aggravate[d] assault and battery in Miramar, Florida." Id.

Respondents argue Petitioner is subject to mandatory custody as an applicant seeking admission under 8 U.S.C. § 1225. Id. at 2. Respondents also acknowledge that, since "this Court recently reached the opposite conclusion in Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 U.S. Dist. LEXIS 20895 (D.N.M. Feb. 2, 2026) on facts substantially similar" to this case, "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision," rendering Petitioner subject to 8 U.S.C. § 1226. Id. at 2-3. Respondents further argue that, if the Court finds Petitioner is subject to § 1226, he should fall under § 1226(c) which mandates detention of criminal noncitizens. Id. at 3-4.

The Court finds that, for purposes of whether Petitioner falls under § 1226, Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States. Id. at 1-3. As the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, the Court adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026), insofar as 8 U.S.C. § 1226, not 8 U.S.C. § 1225, governs Petitioner's detention.

Petitioner, however, is subject to mandatory detention under § 1226(c). Section 1226(c)(1) requires the Attorney Generally to take into custody any alien who ". . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . ." 8

U.S.C. § 1226(c)(1)(e)(ii). As Petitioner was taken into custody due to his arrest for "grand theft, aggravate[d] assault and battery" while on immigration bond, Resp. at 1, ECF No.5, he is subject to mandatory detention under § 1226(c).

Accordingly, it is **HEREBY ORDERED** that Petitioner Orlington Bodden Rose's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE